**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Lynn Styers,<br><br>        Petitioner,<br><br>v.<br><br>Dora B. Schriro, et al.,<br><br>        Respondents. | CV-98-2244-PHX-EHC<br><br>DEATH PENALTY CASE<br><br>**ORDER** |

Before the Court is Petitioner's Motion to Alter or Amend Judgment. (Dkt. 130.) The motion is brought in response to the Court's orders denying Petitioner's amended habeas corpus petition and issuing a certificate of appealability. (Dkts. 126, 128.) Petitioner challenges the Court's denial of Claim 5, which contested the state court finding that the "especially heinous, cruel, or depraved" aggravating factor, A.R.S. §13-703(6), had been proved.[1]

**DISCUSSION**

A motion under Rule 59(e) of the Federal Rules of Criminal Procedure is essentially a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197

---

[1] In the alternative, Petitioner asks the Court to issue a certificate of appealability with respect to Claim 5.

F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-926 (9th Cir. 1988), nor is it the time to ask the court to "rethink what it has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

Petitioner contends that the decision of the Arizona Supreme Court affirming the existence of the "especially heinous, cruel, or depraved" factor was contrary to and involved an unreasonable application of clearly established federal law, under 28 U.S.C. § 2254(d)(1), and was based upon an unreasonable determination of the facts under (d)(2). (Dkt. 130 at 5.) Petitioner does not cite new evidence or a change in law but simply repeats the arguments offered in previous filings. Because these arguments do not show that the Court committed clear error in its prior rulings, the motion must be denied.

In his attack on the Arizona Supreme Court's conclusion that the murder of Christopher Milke evidenced a heinous or depraved state of mind, Petitioner focuses on subsequent decisions of that court, particularly those in which the court discusses the adequacy of jury instructions regarding the especially heinous or depraved aggravating factor; e.g., *State v. Hampton*, 213 Ariz. 167, 140 P.3d 950 (2006); *State v. Anderson*, 210 Ariz. 327, 111 P.2d 369 (2005). From these decisions Petitioner draws the conclusion that a constitutionally valid construction of the factor requires "a showing of relishing, *and/or* gratuitous violence, *and/or* mutilation." (Dkt. 130 at 10). Because relishing, gratuitous violence, or mutilation were not found with respect to the murder of Christopher Milke, Petitioner contends that the decision of the Arizona Supreme Court upholding the application of the (F)(6) factor entitles him to habeas relief. Petitioner's analysis is flawed.

There is no doubt in Petitioner's case that the Arizona Supreme Court applied the narrowing construction of the (F)(6) factor set forth in *State v. Gretzler*, 135 Ariz. 42, 52, 659

P.2d 1, 11 (1983).[2] *State v. Styers*, 177 Ariz. 104, 115-16, 865 P.2d 765, 776-77 (1993). Instead, Petitioner's contends, as the respondent did in *Lewis v. Jeffers*, "that the Arizona Supreme Court's application of its narrowing construction to the facts of his case nevertheless failed to distinguish his case from cases in which the court did not find the aggravating circumstance." 497 U.S. 764, 780 (1990). This contention is essentially "a claim that the state court simply misapplied its own aggravating circumstances to the facts of his case." *Id.* As this Court previously explained, because habeas relief does not lie for errors of state law, review of the state court's application of the (F)(6) aggravating factor "is limited, at most, to determining whether the state court's finding was so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." *Id.* Therefore, in order to grant relief on Claim 5, the Court must conclude that "no reasonable sentencer," *id.* at 783, could have found that the murder of Christopher Milke was "especially heinous or depraved."

The victim, a four-year-old child in Petitioner's care, was driven to a desert wash and shot three times in the head. Petitioner was convicted of the murder. The trial court found that the murder was especially heinous or depraved, and the Arizona Supreme Court agreed. *Styers*, 177 Ariz. at 115-16, 865 P.2d at 776-77. The finding was based upon the senselessness of the crime and the helplessness of the victim. *Id.*

Under Arizona law, "[o]rdinarily," *State v. Trostle*, 191 Ariz. 4, 18, 951 P.2d 869, 883 (1997) (emphasis added), or "*usually*," *State v. Prince*, 206 Ariz. 24, 27 P.3d 114, 117 (2003) (emphasis added), a finding of senselessness or helplessness, standing alone, is insufficient to satisfy the especially heinous or depraved factor. The Arizona Supreme Court, "however, has upheld depravity findings, predicated only on senselessness and

---

[2] *Gretzler* identified five factors which may lead to a finding of heinousness or depravity: (1) relishing of the murder by the killer; (2) infliction of gratuitous violence on the victim; (3) needless mutilation of the victim; (4) senselessness of the crime; and (5) helplessness of the victim. 135 Ariz. at 52, 659 P.2d at 11.

- 3 -

helplessness, when a defendant murders a child with whom he maintains a parent or caretaker relationship." *Prince*, 206 Ariz. at 27, 75 P.3d at 117-18 (citing *State v. Milke,* 177 Ariz. 118, 126, 865 P.2d 779, 787 (1993); *Styers,* 177 Ariz. at 116, 865 P.2d at 777; and *State v. Lopez,* 174 Ariz. 131, 144, 847 P.2d 1078, 1091 (1992)). The execution-style shooting of a four-year-old boy by the child's caretaker, with the child being lured to his death by the promise of a visit to Santa Clause, and with the killing being the culmination of a conspiracy involving the child's mother, is not, with respect to the murderer's state of mind, an ordinary or usual murder. As the Arizona Supreme Court noted, "[t]he circumstances of this crime are indeed shocking, and they separate this crime from the 'norm' of first degree murders." *Styers*, 177 Ariz. at 116, 865 P.2d at 777.

The validity of the Arizona Supreme Court's decision is not affected by the fact that the court based its (F)(6) finding on the senselessness and helplessness factors. The court noted that these circumstances were exacerbated by the particular facts of the crime, including the relationship between Petitioner and the victim and the calculated manner in which that relationship was betrayed. *Id.* at 115-16, 865 P.2d at 776-77. The court's handling of the heinous or depraved factor was in accord with the narrowing construction set forth in *Gretzler*, where the court noted that "[e]ither or both of these factors [senselessness or helplessness], considered together with other circumstances present in a particular case, may lead to the conclusion that an offense was heinous or depraved." 135 Ariz. at 52, 659 P.2d at 11. More significantly, the application of the (F)(6) aggravating factor to Petitioner's crime was neither arbitrary or capricious. A rational factfinder could have determined that Christopher's Milke's killer possessed "a vile state of mind at the time of the murder" such that the crime was appropriately set apart from the norm of first-degree murders. *Id.*

Based on the foregoing, the Court again finds that Petitioner is not entitled to habeas relief on Claim 5 and that Claim 5 is not suitable for the issuance of a certificate of

1  appealability.

2  Accordingly,

3  **IT IS HEREBY ORDERED** denying Petitioner's Motion to Alter or Amend
4  Judgment. (Dkt. 130).

5  DATED this 2nd day of February, 2007.

*Earl H. Carroll*
Earl H. Carroll
United States District Judge