**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Lynn Styers,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-98-2244-PHX-JAT<br><br>DEATH PENALTY CASE<br><br>**ORDER DENYING MOTION<br>TO ENTER JUDGMENT** |

Before the Court is Petitioner's Motion to Enter Judgment Granting Writ of Habeas Corpus. (Doc. 160.) Respondents oppose the motion. (Doc. 166.) For the reasons that follow, the motion is denied.

## BACKGROUND

In 1989, Petitioner shot and killed the four-year-old son of a woman with whom he shared an apartment. A jury convicted him of first degree murder, conspiracy to commit first degree murder, child abuse, and kidnapping. With respect to the murder count, the trial court found three statutory aggravating factors: that Petitioner was an adult and the victim was under age fifteen, pursuant to A.R.S. § 13-703(F)(9); that the murder was committed in the expectation of pecuniary gain, under § 13-703(F)(5); and that the murder was committed in an especially heinous and depraved manner, under § 13-703(F)(6).[1]  Finding no statutory

---

[1] Arizona's capital sentencing statute has been renumbered as A.R.S. § 13-751 but remains substantially the same. *See* 2008 Ariz. Sess. Laws, ch. 301, §§ 26, 38-41 (2d

1  mitigating factors and no non-statutory mitigating factors sufficiently substantial to call for
2  leniency, the court imposed the death penalty.

3      On direct appeal, the Arizona Supreme Court reversed Petitioner's conviction for child
4  abuse but affirmed the remaining convictions. *State v. Styers*, 177 Ariz. 104, 865 P.2d 765
5  (1993), *cert denied*, 513 U.S. 855 (1994) ("*Styers I*"). The court also concluded that the
6  State had failed to establish the pecuniary gain aggravating factor beyond a reasonable doubt.
7  *Id.* at 115, 865 P.2d at 776. However, after excluding this factor from its independent
8  reweighing of aggravation and mitigation, the court nonetheless concluded that the mitigation
9  was not sufficiently substantial to warrant leniency and upheld the death sentence. *Id.*

10      Following unsuccessful state post-conviction-relief proceedings, Petitioner sought
11  habeas corpus relief in federal court. Among his claims, Petitioner alleged that after striking
12  the pecuniary gain aggravating factor, the Arizona Supreme Court had failed to properly
13  reweigh the aggravating and mitigating circumstances as required by *Clemons v. Mississippi*,
14  494 U.S. 738, 748-49 (1990). United States District Court Judge Earl H. Carroll concluded
15  that this claim was procedurally barred from federal review. On appeal, however, the Ninth
16  Circuit found the claim properly exhausted and determined that the Arizona Supreme Court
17  had improperly refused to consider all of Petitioner's proffered mitigation in its reweighing,
18  thereby failing to fulfill its constitutional obligations under *Clemons* and *Eddings v.*
19  *Oklahoma*, 455 U.S. 104, 115 (1982). *Styers v. Schriro*, 547 F.3d 1026, 1034-35 (9th Cir.
20  2008), *cert. denied*, 130 S. Ct. 379 (2009) ("*Styers II*"). Pursuant to the Ninth Circuit's
21  mandate, the district court entered judgment granting the writ of habeas corpus unless the
22  State of Arizona, within 120 days of the judgment, "initiates proceedings either to correct the
23  constitutional error in Petitioner's death sentence or to vacate the sentence and impose a
24  lesser sentence consistent with the law." (Doc. 148 at 2.)

25      At the request of the State and over Petitioner's objection, the Arizona Supreme Court

26  ―――――――――
27  Reg. Sess.).
28

- 2 -

ordered briefing and argument and then conducted a new independent review of Petitioner's capital sentence, again finding that the proffered mitigation was not sufficient to warrant leniency. *See State v. Styers*, 227 Ariz. 186, 254 P.3d 1132 (2011) ("*Styers III*"). The court also addressed Petitioner's argument that he was entitled to a new sentencing proceeding before a jury under *Ring v. Arizona*, 536 U.S. 584 (2002), which requires jury findings as to aggravating factors that render a defendant eligible for the death penalty. Petitioner had argued that although *Ring* was found not to apply retroactively to convictions that were already final when *Ring* was decided, *see Schriro v. Summerlin*, 542 U.S. 348 (2004), his case was no longer final once the federal court issued the conditional writ. The Arizona Supreme Court disagreed, concluding that a second independent review did not "re-open" direct review such that *Ring* had to be applied retroactively to Petitioner's case. *Styers III*, 227 Ariz. at 188, 254 P.3d at 1134. The United States Supreme Court denied a petition for certiorari, *Styers v. Arizona*, 132 S. Ct. 540 (2011), and the instant motion followed.

## DISCUSSION

Petitioner asserts that the Arizona Supreme Court neither corrected the constitutional error in his sentence nor imposed a lesser sentence, the two conditions set forth in the order granting conditional habeas relief. Therefore, according to Petitioner, this Court must grant an unconditional writ releasing him from his death sentence. Petitioner's motion rests on three grounds: (1) the constitutional error could not be corrected without resentencing by a jury; (2) the Arizona Supreme Court employed an unconstitutional process in its attempt to cure the constitutional error; and (3) the Arizona Supreme Court failed to correct the constitutional error because it did not properly consider his mitigation evidence during its independent sentencing review.

Once a judgment order granting conditional habeas relief issues, a federal district court retains authority to review compliance with that order. *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) (citing *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006)). A State's failure to comply with a conditional writ requires the petitioner's release. *Harvest*

- 3 -

1 *v. Castro*, 531 F.3d 737, 750 (9th Cir. 2008). When a petitioner alleges noncompliance with a conditional writ, "the district court must make a finding concerning the sufficiency of the action that the state took pursuant to its mandate." *Phifer v. Warden, United States Penitentiary*, 53 F.3d 859, 865 (7th Cir. 1995). In making this determination, the district court may consider whether the state's actions ran afoul of the "letter or spirit" of the conditional writ. *Patterson v. Haskins*, 470 F.3d 645, 668 (6th Cir. 2006).

**Scope of Remedy**

Petitioner argues that the conditional writ granted in this case "vacated" his death sentence and therefore he was entitled to a new sentencing proceeding in state court. (Doc. 160 at 16.) In his view, the Arizona Supreme Court's failure to remand his case for resentencing constitutes a failure to comply with the order granting a conditional writ. In making these arguments, Petitioner misapprehends the nature of the relief provided by the district court's order.

It is well established that federal district courts have broad discretion in conditioning a judgment granting habeas relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Pursuant to 28 U.S.C. § 2243, federal courts are authorized to dispose of habeas corpus matters "as law and justice require." The Supreme Court has repeatedly held that federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court. *Hilton*, 481 U.S. at 775. So-called "conditional release" orders require release from custody (or a given type of sentence) only in the event a retrial, resentencing, or some other action sufficient to cure the violation does not occur within a period of time specified in the order granting the writ. 2 R. Hertz & J. Liebman, *Federal Habeas Corpus Practice and Procedure* § 33.1, pp. 1899-1900 (6th ed. 2011).

"Conceptually, any habeas remedy 'should put the defendant back in the position he would have been in if the [constitutional] violation never occurred.'" *Nunes v. Mueller*, 350 F.3d 1045, 1056-57 (2003) (quoting *United States v. Blaylock*, 20 F.3d 1458, 1468 (9th Cir.

- 4 -

1994).); *see also Johnson v. Uribe*, 682 F.3d 1238, 1244 (9th Cir. 2012); *Chioino v. Kernan*, 581 F.3d 1182, 1184 (9th Cir. 2009). An adequate remedy "must 'neutralize the taint' of a constitutional violation, while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution." *Lafler v. Cooper*, 132 S. Ct. 1376, 1388-89 (2012) (quoting *United States v. Morrison*, 409 U.S. 361, 365 (1981)). Accordingly, a habeas remedy should be tailored to the injury suffered from the constitutional violation, after considering the unique facts and circumstances of a particular case.

In this case, the Ninth Circuit directed the district court to grant a conditional writ on the ground that the Arizona Supreme Court had failed to consider all of Petitioner's proffered mitigation evidence when it conducted its independent review of Petitioner's death sentence. *Styers II*, 547 F.3d at 1035. Specifically, the Circuit court found that the Arizona appellate court had applied an improper "nexus test" in concluding that evidence of post-traumatic stress disorder ("PTSD") resulting from Petitioner's combat in Vietnam did not qualify as mitigating evidence in the absence of a connection between the PTSD and Petitioner's behavior at the time of the offense. *Id.* Consequently, the Arizona Supreme Court failed to consider all relevant mitigating evidence when it reweighed the aggravating and mitigating circumstances after striking the pecuniary gain aggravating factor. *Id.* In doing so, the Ninth Circuit "neither express[ed] nor impl[ied] any opinion as to the appropriate sentence in this case. This is a matter for the state courts, so long as the constitutional obligations under *Eddings* and *Clemons* are honored." *Id.* at 1036.

On remand, the district court did not vacate Petitioner's sentence. Rather, the court indicated that a writ of habeas corpus (releasing Petitioner from his sentence) would be granted "unless the State of Arizona, within 120 days from the entry of this Judgment, initiates proceedings either to correct the constitutional error in Petitioner's death sentence or to vacate the sentence and impose a lesser sentence consistent with the law." (Doc. 148 at 1.) The court did not order that Petitioner be released from his death sentence or direct that

- 5 -

1 Petitioner receive a new sentencing hearing, neither of which would have been appropriate
2 remedies in the face of the constitutional error that occurred here.

3     This is not a case where relevant mitigating evidence was excluded from consideration
4 by the sentencer. *See, e.g.*, *Hitchcock v. Dugger*, 481 U.S. 393, 399 (1987) (finding
5 constitutional error where sentencing judge refused to consider nonstatutory mitigating
6 circumstances and directing grant of writ unless the petitioner was resentenced in a
7 constitutionally proper proceeding or his death sentence vacated). In such circumstances, a
8 new sentencing hearing may be necessary to fully correct the error. *See, e.g.*, *Paxton v.
9 Ward*, 199 F.3d 1197, 1220 (10th Cir. 1999) (finding reweighing by state appellate court
10 insufficient remedy where jury was denied consideration of relevant mitigating evidence).
11 Here, the constitutional error occurred during the appellate process, not the sentencing
12 proceeding, and Petitioner was not precluded during sentencing from presenting evidence in
13 support of mitigation. Accordingly, a new sentencing hearing was unnecessary to correct the
14 appellate court error, and the Arizona Supreme Court's refusal to remand the case for
15 resentencing by a jury does not represent a failure to comply with the district court's order
16 conditionally granting the writ.

17     The United States Supreme Court's decision in *Cabana v. Bullock* is instructive. There,
18 the Court determined that neither the jury nor the state appellate court had found the requisite
19 degree of culpability required by the Eighth Amendment and *Enmund v. Florida*, 458 U.S.
20 782 (1982), for imposition of the death penalty. *Cabana v. Bullock*, 474 U.S. 376, 383-90
21 (1986) (noting that Eighth Amendment prohibits imposition of death penalty on one who did
22 not himself kill, attempt to kill, or intend that a killing take place), *abrogated on other
23 grounds by Pope v. Illinois*, 481 U.S. 497, 503 n.7 (1987). In determining the appropriate
24 remedy for this error, the Court declined to order a new sentencing hearing. Rather, the
25 Court held that "the sentence currently in force *may stand* provided only that the requisite
26 findings are made in an adequate proceeding before some appropriate tribunal—be it an
27 appellate court, a trial judge, or a jury." *Id.* at 392 (emphasis added).

28

If further review by an appellate court was sufficient to correct the error in *Bullock*, it was sufficient here where the error itself stemmed from the Arizona Supreme Court's application of *Clemons v. Mississippi*, which permits appellate courts to cure constitutional deficiencies arising from improper applications or limitations of aggravating or mitigating circumstances. *See Anderson v. Hopkins*, 113 F.3d 825, 831 (8th Cir. 1997) (citing *Clemons* in upholding district court's order conditionally granting writ as to capital sentence unless state supreme court either reweighed aggravating and mitigating circumstances, conducted harmless error review, or remanded to trial court for resentencing); *see also Chioino*, 581 F.3d at 1186 (observing that "it is the state court's responsibility to determine the procedure" to correct constitutional error). Moreover, resentencing would not have put Petitioner "back in the position he would have been in" if the Arizona Supreme Court had not committed the *Eddings* error when on direct appeal it reweighed the sentencing factors pursuant to *Clemons*. *Nunes*, 350 F.3d at 1057. Rather, such a remedy would have resulted in an inappropriate "windfall." *Lafler*, 132 S. Ct. at 1388.

Petitioner also argues that the Arizona Supreme Court inappropriately created a "new doctrine," which he characterizes as a "bizarre invention," by independently reviewing his case in response to the district court's order granting the conditional writ. (Doc. 160 at 16-17.) Petitioner asserts that the state court justified this review using a "unique interpretation of the statute governing independent review, A.R.S. § 13-755." (*Id.* at 24.) In *Styers III*, the Arizona Supreme Court noted that, although independent review is normally conducted in an appeal from a death sentence, "nothing in § 13-755 limits our review to direct appeals." 227 Ariz. at 188 n.1, 254 P.3d at 1134 n.1. This Court is bound to follow the decisions of a state supreme court on state law matters. *See Johnson v. Fankell*, 520 U.S. 911, 916 (1997) ("Neither this Court nor any other federal tribunal has any authority to place a construction on a state statute different from the one rendered by the highest court of the State."). In light of the court's pronouncement in *Styers III* that a new independent review was authorized under state law, this Court concludes that such review constituted "an adequate proceeding

- 7 -

before [an] appropriate tribunal."[2] *Bullock*, 474 U.S. at 392.

In sum, neither the lack of a resentencing proceeding nor the Arizona Supreme Court's decision to undertake a new independent sentencing review constitutes noncompliance with the district court's order granting a conditional writ of habeas corpus in this case.

**Independent Review**

Petitioner also contends that the Arizona Supreme Court's independent review failed to correct the error upon which the conditional writ was granted. He asserts that the court improperly applied "a causal nexus requirement to eviscerate relevant mitigation to the point of non-consideration," thus failing to conduct a review compliant with the Eighth Amendment. (Doc. 160 at 11.) The Court disagrees.

In directing entry of a conditional writ in this case, the Ninth Circuit observed that the appropriate sentence for Petitioner "is a matter for the state courts, so long as the constitutional obligations under *Eddings* and *Clemons* are honored." *Styers II*, 547 F.3d at 1036. "Under *Clemons*, an appellate court in a 'weighing state,' such as Arizona, can affirm a death sentence based on an invalid aggravating factor only after conducting either a harmless error review or re-weighing the mitigating evidence against the remaining valid aggravating factors." *Id.* at 1034. In conducting this review, the court must consider, and may not refuse to consider, any constitutionally relevant mitigating evidence. *See Eddings*, 455 U.S. at 115; *Lockett v. Ohio*, 438 U.S. 586, 604 (1978). Constitutionally relevant

---

[2] The Court notes that the type of appellate court error that occurred here is uncommon and thus it is not surprising that the Arizona Supreme Court has had few occasions to correct such an error as part of a conditional habeas grant. However, the state court did undertake a new independent reweighing in at least one case, following a directive from the United States Supreme Court—similar to that of the Ninth Circuit here—that the State either correct the constitutional error in the petitioner's death sentence or vacate the sentence and impose a lesser sentence consistent with the law. *See Richmond v. Lewis*, 506 U.S. 40, 52 (1992) (finding Eighth Amendment violation where sentencing judge gave weight to unconstitutionally vague aggravating factor and state appellate court failed to cure error during independent review); *State v. Richmond*, 180 Ariz. 573, 886 P.2d 1329 (1994) (reweighing sentencing factors following grant of conditional habeas writ by federal court).

1 mitigating evidence is "any aspect of a defendant's character or record and any of the
2 circumstances of the offense that the defendant proffers as a basis for a sentence less than
3 death." *Lockett*, 438 U.S. at 604; *see Skipper v. South Carolina*, 476 U.S. 1, 5 (1986).
4 However, while the court may not refuse to consider relevant mitigation, "it is free to assess
5 how much weight to assign such evidence." *Ortiz v. Stewart*, 149 F.3d 923, 943 (9th Cir.
6 1998); *see Eddings*, 455 U.S. at 114-15 ("The sentencer, and the [appellate court] on review,
7 may determine the weight to be given the relevant mitigating evidence.").

In conducting its new independent review of Petitioner's sentence, the Arizona Supreme Court found as established that Petitioner suffered from PTSD at or near the time of the offense. *Styers III*, 227 Ariz. at 189, 254 P.3d at 1136. The court then considered the weight to assign this factor, noting:

> Although we do not require establishment of a nexus between the mitigating factors and the crime before we consider the mitigation evidence, we may consider the failure to show such a connection as we assess "the quality and strength of the mitigation evidence," and may attribute less weight to the mitigating effect of a disorder if the defendant fails to establish a relationship between the disorder and the criminal conduct . . . .

*Id.* (quoting *State v. Newell*, 212 Ariz. 389, 405, 254 P.3d 833, 849 (2006)). After finding no evidence that Petitioner's PTSD affected his criminal conduct, which it described as "planned and deliberate, not impulsive," the court gave little weight to the disorder as a mitigating factor. *Id.* at 190, 254 P.3d at 1136 (citing *State v. Styers*, 184 Ariz. 277, 294, 908 P.2d 1062, 1079 (1996)). The court ultimately determined that the proven mitigation was not sufficient to warrant leniency in light of the aggravation and reaffirmed Petitioner's sentence of death.

Petitioner argues that the Arizona Supreme Court failed to grasp that his prior physical and psychological trauma was "pervasive on that tragic day" and that relegating mitigation to the category of "not causally connected" "is the equivalent of barring mitigation or assigning it no weight." (Doc. 160 at 11.) Petitioner's arguments notwithstanding, federal caselaw is clear that a causal nexus may be used "as a factor in determining the weight or

- 9 -

significance of mitigating evidence." *Lopez v. Ryan*, 630 F.3d 1198, 1204 (9th Cir.), *cert. denied*, 132 S. Ct. 577 (2011). Moreover, it is beyond the purview of this Court to review a state court's factual finding as to the existence of a causal connection; federal law requires only that mitigation evidence be considered, not that it be found weighty. *Eddings*, 455 U.S. at 114-15. On this record, it is clear the Arizona Supreme Court considered all of Petitioner's mitigating evidence in conducting its reweighing. Thus, the state court satisfied its "constitutional obligations under *Eddings* and *Clemons*." *Styers II*, 547 F.3d at 1036.

## CONCLUSION

The conditional writ of habeas corpus entered in this case gave the State the opportunity to cure the constitutional defect found by the Ninth Circuit. At the request of the State, the Arizona Supreme Court undertook a new independent review of Petitioner's capital sentence, reweighing the proven aggravating and mitigating circumstances. This remedied the constitutional infirmity found in *Styers II* and satisfied the condition precedent contained in the conditional writ. Accordingly, Petitioner is not entitled to an unconditional writ releasing him from his capital sentence.

Based on the foregoing,

**IT IS ORDERED** that Petitioner's Motion to Enter Judgment Granting Writ of Habeas Corpus (Doc. 160) is **DENIED**.

DATED this 26th day of July, 2012.

James A. Teilborg
United States District Judge